# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

**FIDELITY NATIONAL TITLE INSURANCE COMPANY,** *in its own Right and as subrogee of Wells Fargo Bank, N.A.*,

    **Plaintiff,**

  v.                                  No. 1:20-cv-01045-JDB-jay

**CHRISTOPHER DOLES,**

    **Defendant.**

---

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ENTRY OF CONDITIONAL JUDGMENT

---

Before the Court is the December 15, 2020 motion of Plaintiff, Fidelity National Title Insurance Company ("Fidelity"), for entry of a conditional judgment pursuant to Federal Rule of Civil Procedure 69 and Tenn. Code Ann. § 62-2-209. (Docket Entry ("D.E.") 24.) This matter was referred to the undersigned for determination and/or a report and recommendation. (D.E. 25.)

Plaintiff initiated this action on February 21, 2020, against Defendants, Christopher Doles ("C. Doles") and Trina Doles.[1] (D.E. 1.) C. Doles failed to respond to or otherwise defend against the complaint, and Fidelity moved for an entry of default pursuant to Fed. R. Civ. P. 55(a). (D.E. 16.) The Clerk of Court entered default against C. Doles on April 24, 2020. (D.E. 17.) Subsequently, Plaintiff filed a motion for default judgment against Defendant, (D.E. 18), which was granted on May 14, 2020, (D.E. 20).

---

[1] Plaintiff voluntarily dismissed Trina Doles from this case, pursuant to Fed. R. Civ. P. 41(a)(1)(A), on April 16, 2020. (D.E. 11.)

Following the default judgment, Fidelity submitted an application for a writ of execution so it could garnish C. Doles's wages from his employer, Caterpillar, Inc., c/o CT Corporation System.  (D.E. 21.)  The Clerk of Court issued the writ of garnishment on October 8, 2020.  (D.E. 22.)  Plaintiff's proof of service indicates that the writ and summons was served on Caterpillar, Inc.'s registered agent on November 2, 2020.  (D.E. 23 at PageID 97.)  To date, Caterpillar, Inc. has failed to answer the writ of garnishment.  Fidelity now moves the Court to enter a conditional judgment against Caterpillar, Inc. and order the garnishee to show cause as to why a final judgment should not be entered against it.  (D.E. 24.)

Federal Rule of Civil Procedure 69(a)(1) provides that "[a] money judgment is enforced by a writ of execution," and that "[t]he procedure on execution . . . must accord with the procedure of the state where the court is located . . . ."  As this Court is located in the State of Tennessee, Tennessee's Personal Property Owner's Rights and Garnishment Act of 1978 applies.  Tennessee's execution procedure authorizes an officer or clerk of court to summon, in writing, a garnishee "to appear at the court from which the execution is issued . . . and answer the garnishment, at a time set by the clerk of the court not less than ten (10) business days after date of service . . . ."  Tenn. Code Ann. § 26-2-203(a).  The relevant statute also requires the summons to notify the garnishee of certain things the garnishee must do on the same day the garnishment is received.  *See id.* § 26-2-203(b).  "If the garnishee fails to appear or answer," Tennessee's procedure provides that "a conditional judgment may be entered against the garnishee for the plaintiff's debt, upon which a notice shall issue to the garnishee . . . to show cause why judgment final should not be rendered against the garnishee."  *Id.* § 26-2-209.  Further, should the garnishee fail to appear and show cause, "the conditional judgment shall be made final, and execution awarded for the plaintiff's entire debt and costs."  *Id.*

In this case, the summons issued by the Clerk of Court set a ten-day period for the garnishee, Caterpillar, Inc., to answer the garnishment. (D.E. 22 at PageID 91.) The summons also included the notice required under Tenn. Code Ann. § 26-2-203(b). (*Id.*) Plaintiff points out that Caterpillar, Inc. was required to submit an answer by November 12, 2020, but, to date, has failed to file an answer. As such, Fidelity contends that the entry of a conditional judgment and show cause order are appropriate. After reviewing the procedural history of this case, and Tennessee's execution procedure, the undersigned agrees. Accordingly, the undersigned RECOMMENDS that Plaintiff's motion be GRANTED and that a conditional judgment be entered against Caterpillar, Inc., along with an order requiring Caterpillar, Inc. to show cause why a final judgment should not be rendered against it. The undersigned further RECOMMENDS that the Clerk of Court be DIRECTED to send Caterpillar, Inc. a copy of the conditional judgment and show cause order by certified mail.

Respectfully submitted this 11th day of January 2021.

s/ Jon A. York_____
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION.  *SEE* 28 U.S.C. § 636(b)(1)(C); LOCAL RULE 72(g)(2).  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**